JUAN A. MURIENTE GIL DE LAMADRID, Petitioner, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (FIRST SECTION), Respondent.

No. 922. Submitted June 2, 1934.—Decided July 18, 1934.

*L. Ríos Algarín* for petitioner. The Registrar appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

The owner of three small pieces of urban property with a total area of 119.19 square meters, according to the title

papers, grouped the same so as to form one parcel alleged to contain 137.19 square meters. A registrar of property recorded the instrument as to the 119.19 square meters but refused to record the excess of 18 square meters: because it did not appear that an alleged survey had been made by a competent surveyor; because the fact of a survey was not satisfactorily established; and because neither the consent of the adjoining owners nor that of the previous owners of the parcels in question had been obtained.

In *Cobb* v. *Registrar*, 12 P.R.R. 211, the parties to a deed of conveyance had stipulated "that a survey was to be made by an expert, to be appointed by the purchaser of the estates sold, within a period not to exceed six months, and that the difference over or below in the area of the estates would be paid for by the vendee or by the vendor, respectively, as the case might be, at the rate of $90.91 per *cuerda,* the price stipulated in the deed". The deed specified 120 *cuerdas*. A subsequent survey showed 147.93 *cuerdas*. The purchaser then paid for the excess 27.93 *cuerdas* at the rate of $90.91 per *cuerda*. This fact, wthout more, was persuasive proof of the existence of the additional area within established boundaries. This court held, as stated in the syllabus, that: (italic ours) "Small differences appearing between the actual acreage of property and the records thereof in the registry of property and the documents presented for record are not sufficient to warrant a decision to the effect that the property is not identified, and *especially when there is no difference in the boundaries,* registrars should set forth the differences in the registry in the manner provided for by the regulations."

In *Figueroa* v. *The Registrar*, 22 P.R.R. 612, the facts as stated in the opinion of the court were as follows:

"In an instrument presented for record to the Registrar of Arecibo, six contiguous parcels of land were grouped and consolidated into one composite tract 'containing, according to the muniments of title, 198½ cuerdas, equivalent to 78 hectares, 41 ares, 84 centiares,

and the exact superficial area of which, according to a recent survey made by the surveyor, Arturo Puig Jirau, after summoning the owners of the adjoining properties, is 212 *cuerdas,* equivalent to 83 hectares, 32 ares, 50 centiares of level and broken land in pasture, coffee groves, plantains and sugar cane.' The instrument further recites that 'of the said 212 *cuerdas* of land 177 are situated in the *barrio* of Aibonito and 35 in that of Campo Alegre,' and the whole is described in the usual way by bounds. The endorsement of the registrar, in so far as involved herein, is as follows:

" 'The grouping referred to in this instrument has been made only as to the superficial area of one hundred and ninety-eight and a half acres, at folio 26, volume 34 of Hatillo, property number 1784, 1st registration; and the record is denied as to the remainder of thirteen and a half acres of its entire superficial area inasmuch as it does not appear to have been recorded in the name of Sebastián Figueroa nor in that of another person.' "

Mr. Justice Del Toro in a brief dissenting opinion said:

"I am of the opinion that the decision appealed from should be affirmed. It is well settled that the registrar has discretionary powers in cases of this kind and in my judgment he duly exercised the same in refusing to record the increased are on the strength of a simple statement made by the interested party in the deed of consolidation to the effect that a survey had been made by a surveyor after the owners of the adjoining property had been summoned and in requiring the presentation of the survey itself."

If the registrar had based his ruling specifically upon the failure to supplement the facts set forth in the instrument before him by a surveyor's certificate or certified plat, the result in that case might have been different.

In *Valladares* v. *The Registrar,* 23 P.R.R. 43, 46, it was said that:

". . . . This court is not called upon to say whether the registrar or the appellant is mistaken, but we are of the opinion that if the interested party desired to record the exact superficial area of the grouped property she should have presented to the registrar a certificate of a competent expert showing the exact measurements."

In *Delgado* v. *Registrar,* 29 P.R.R. 807, a majority of the Court held that, as stated in the syllabus: "An excess

of six acres resulting from the survey in a property recorded as containing 51 acres is not of sufficient importance to affect the identity of the property, and a public deed wherein the owner asks that the error be corrected and refers to the survey is a sufficient basis for such correction. It is not necessary to exhibit with the deed a certificate of the survey made after notice to the adjoining owners." In the opinion it was said that: "It is not important that the certificate of the survey made after notifying the grantors and the adjoining owners was not exhibited in the registry, for that was the very contention in the case of *Figueroa* v. *Registrar of Arecibo, supra,* which the majority of the court did not sustain." Then the court said: "There is no prejudice to third persons in making the correction sought, for the registry would show that the correction is made in view of the statements of Manuel Delgado Toledo, and in acquiring any real right in the property a third person can exact of the grantor whatever may be proper to secure his right as to the area of the property if he should entertain any doubt about it." Obviously, the Court was considering as third persons only future purchasers of the property in question, or the owners, prospective or otherwise, of some interest to be subsequently acquired therein. The doctrine may be sound enough in a case where as elsewhere pointed out in the opinion, a survey has been made "after notifying the owners of the adjacent properties and the grantors." A different question is presented when it does not appear that any such notice has been given to adjoining owners.

In all of these cases, (with the exception of *Valladares* v. *Registrar, supra,* which involved a suburban parcel of more than thirty thousand meters) and in most if not all similar cases heretofore decided by this Court, the parcels or tracts of land in question were rural properties. It is a matter of common knowledge that only in recent years has the practice of surveying such properties become the rule (if it has be-

come the rule) instead of the exception. If in any of the cases that have come before us (with the exception of *Portocarrero* v. *Rgistrar,* infra) a previous survey had ever been made, that fact has not been brought to light. On the other hand, when a parcel of land is divided into town or city blocks or lots and sub-divided into fractional parts of such blocks or lots the work is usually done by a more or less competent surveyor and, in any event, there is less opportunity for any appreciable mistake as to the area of the smaller sub-divisions expressed in terms of meters instead of *cuerdas.* The rule may be the same in principle in either case but in its application, we think, the registrar of property may, with good reason, demand from the owner of urban or suburban property something more in the way of evidence than they would require from a rural land owner. As far as we know, this court has never held, even in the case of a rural property, that a recital as to the existence of a specified excess said to have been established by a survey, without either a surveyor's certificate or any mention of notice to adjoining land owners, is enough to justify the recording of such excess.

In *Portocarrero* v. *Registrar,* 34 P.R.R. 283, speaking through Mr. Justice Franco Soto we said:

"The general rule is that when there is a difference between the area of a property as it appears from the registry and as stated in the deed, such difference, if an excess, can not be recorded until lawful acquisition thereof is shown in accordance with article 20 of the Mortgage Law and other statutes. The exceptions to the rule are when the excess is of little importance in proportion to the area of the whole property and when the registrar is satisfied by proof that in the first survey a merely involuntary mistake was made. Decision of March 14, 1876, 1 D. R. 262; November 9, 1878, 1 D. R. 469; September 7, 1880, 2 D. R. 465; November 22, 1893, 5 D. R. 413, and October 27, 1894, 5 D. R. 583. Odriozola, *Diccionario de Jurisprudencia Hipotecaria,* 4th ed., pages 773, 774, 775, and 776."

Juan A. Muriente Gil de Lamadrid, in the instrument now before us, says that he is the owner of the following properties:

"A".—URBAN.—A building lot situate in the North Section of the Santurce Ward of San Juan, measuring 24.05 square meters with an east frontage of 3.75 meters on an un-named road; on the right (sic) as one goes in, which is its South side, 6.60 m. long the lot is bounded by property of the Estate of Sarmiento; on the back side looking West it measures 3.89 m. and is bounded by the Estate of Sarmiento.

"B".—URBAN.—A house and lot in "Minillas" in the North Section of the Santurce Ward of San Juan, measuring 6 m. in front by 13 m. deep with an area of 78 square meters, bounded on the North by a building lot formerly belonging to Mrs. Gregoria París and now to Juan A. Muriente; on the East by an un-named road; on the South by another building lot formerly belonging to Agustín Reyes and now to Juan A. Muriente; and on the West by a building lot formely belonging to Ana Arsuaga and now to the Estate of Sarmiento and Manuel Couvertier. It is a one-story frame building with galvanized iron roof measuring five meters in front by ten meters deep.

"C".—URBAN.—A building lot situate in the North Section of the Santurce Ward of San Juan measuring 17.14 square meters with a frontage of 3.10 m. facing East and bordering on an un-named road; on the right as one goes in, which is its North side 4.35 m. long, the lot is bounded by property of Mrs. Carmen González; on the left as one goes in, which is its South side 6.70 m. long, it is bounded by property of Juan A. Muriente; and on the back side which looks West and is 3.10 m. long it is bounded by land of Manuel Couvertier."

In that instrument, dated April 27, 1934, Muriente says that he acquired property "B" in July 1921, and the other two, "A" and "C", April 18, 1934. He also says:

"That owing to the fact that all the above pieces of property border on each other and consequently they form a single body and estate, petitioner made a survey (mensura) of the whole and it resulted therefrom that their superficial area was 137.19 square meters instead of 119.19 square meters, resulting from adding up the areas of the three pieces of property. Therefore, the petitioner

requests now that the three estates be recorded as forming a single estate with the actual area resulting from the survey and for that purpose he describes it as follows:

"URBAN.—Parcel of land situate in the North Section of Santurce, San Juan, measuring 137.19 square meters with a frontage on the East 22.85 m. long bordering on an un-named road; on the right hand side as one goes in, which is its North and has a length of 4.35 m., it borders on land of Mrs. Carmen González; on the left hand side, also as one goes in, which is its South and has a length of 6.00 m., it borders on property belonging to the Estate of Sarmiento and Manuel Couvertier; and at the rear, which is West, along a line 22.99 meters long, on property of the Estate of Sarmiento and of Manuel Couvertier. It includes a one-story frame house with galvanized iron roof and measures 5 meters on its south side which is its front by 10 meters deep."

This statement does not indicate how the said excess was distributed among the several parcels if it was so distributed. It is not a satisfactory showing as to the existence of the alleged excess in area, within established boundaries. The registrar was right in refusing to record the newly formed parcel as containing 137.19 square meters instead of 119.19 square meters.

The ruling appealed from must be affirmed.